**FILED**

**DEC 1 5 2010**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
) No. 10 CR 1052
v. )
) Violation: Title 18, United States Code,
) Section 152
LEO STOLLER )

JUDGE KENDALL
MAGISTRATE JUDGE SCHENKIER

### COUNT ONE

The SPECIAL MARCH 2010 GRAND JURY charges:

1. At times material to this indictment:

    a. On or about March 14, 2005, defendant LEO STOLLER had a power of direction over the trust holding legal title to 1212 North Lathrop, River Forest, Illinois ("1212 North Lathrop"), and was the sole beneficiary of the trust;

    b. On or about March 15, 2005, defendant LEO STOLLER transferred his beneficial interest to one of defendant's children without consideration, but kept a power of direction over the trust;

    c. On or about April 7, 2005, defendant LEO STOLLER exercised his power of direction over the trust to obtain a $30,000 loan secured by 1212 North Lathrop, and received loan proceeds in the form of a $29,915.50 cashier's check made payable to defendant, which defendant deposited into an account defendant controlled;

    d. Beginning in or about July 2005, and continuing until in or about November 2006, defendant LEO STOLLER leased 1212 North Lathrop for monthly rent of $2,250;

    e. Beginning in or about July 2005, at the direction of defendant LEO STOLLER, the lessee paid the rent for 1212 North Lathrop by checks made payable to a corporation defendant controlled, which defendant either deposited into an account defendant controlled or negotiated for cash;

f. On or about December 14, 2005, defendant LEO STOLLER exercised his power of direction over the trust to obtain a $99,000 loan secured by 1212 North Lathrop ("the December 2005 Loan"), and received loan proceeds in the form of a $69,330.06 cashier's check payable to defendant, which defendant negotiated for defendant's benefit;

g. On or about December 20, 2005, defendant LEO STOLLER caused to be filed with the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court") a petition under Chapter 13 of the United States Bankruptcy Code (Title 11), along with schedules and a statement of financial affairs ("SOFA") thereby initiating the Chapter 13 bankruptcy case entitled, In re: LEO STOLLER, No. 05 B 64075.

h. The commencement of a bankruptcy case creates a bankruptcy estate consisting of all property in which the debtor has a legal or equitable interest.

i. The schedules and required statement of financial affairs ("SOFA"), which the defendant signed under penalty of perjury, required defendant, as the debtor, to disclose, among other things, his property including, (1) all real property in which defendant had any interest, as well as any real property in which defendant LEO STOLLER held rights and powers exercisable for the benefit of defendant LEO STOLLER; (2) any personal property of whatever kind, to include any rights or powers exercisable for the benefit of defendant LEO STOLLER; (3) all other property transferred within the two years immediately preceding the commencement of the bankruptcy case; and (4) all property owned by another person that defendant LEO STOLLER owned and controlled; and to disclose his income, including rental income.

j. On or about June 12, 2006, defendant LEO STOLLER exercised his power of direction over the trust to obtain a $150,000 loan secured by 1212 North Lathrop ("the June 2006 Loan"), and received loan proceeds in the form of a $50,072.58 cashier's check payable to defendant, which defendant deposited into an account defendant

controlled; and

  k. On or about September 1, 2006, the Bankruptcy Court converted defendant LEO STOLLER's bankruptcy case to a bankruptcy case under Chapter 7 of the United States Bankruptcy Code (Title 11), and a United States Trustee was appointed to oversee defendant's bankruptcy estate.

  2. Beginning on or about December 20, 2005, and continuing until at least March 15, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**LEO STOLLER,**

defendant herein, knowingly and fraudulently concealed from a trustee and other officer of the court charged with the control and custody of property and from creditors in a case under Chapter 13 and Chapter 7 of the United States Bankruptcy Code (Title 11), namely, <u>In re: LEO STOLLER</u>, No. 05 B 64075, property belonging to the estate of debtor LEO STOLLER, namely:

  (a) defendant's interest in 1212 North Lathrop;

  (b) defendant's power of direction over the trust holding legal title to 1212 North Lathrop, which defendant exercised for his benefit;

  (c) loan proceeds from the December 2005 Loan in the amount of approximately $69,330.36; and

  (d) money in the form rental payments from the lessee of 1212 North Lathrop;

In violation of Title 18, United States Code, Section 152(1).

## COUNT TWO

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. Beginning on or about December 20, 2005, and continuing until at least September 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LEO STOLLER,

defendant herein, knowingly and fraudulently concealed from a trustee and other officer of the court charged with the control and custody of property and from creditors in a case under Chapter 13 and Chapter 7 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, property belonging to the estate of debtor LEO STOLLER, namely: money in the form of rental payments from the lessee of 1212 North Lathrop from January 2006 through September 2006;

In violation of Title 18, United States Code, Section 152(1).

## COUNT THREE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, in that defendant filed a "Schedule A. Real Property" in which the defendant falsely represented that he had no interest in real property when, in fact, as the defendant well knew, defendant had an interest in 1212 North Lathrop;

In violation of Title 18, United States Code, Section 152(3).

## COUNT FOUR

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, in that defendant filed a "Schedule B. Personal Property" in which the defendant falsely represented in response to Question 19 that he had no rights or powers exercisable for the benefit of the debtor, when, in fact, as the defendant well knew, defendant had power of direction over the trust holding legal title to 1212 North Lathrop, which defendant exercised for his benefit;

In violation of Title 18, United States Code, Section 152(3).

## COUNT FIVE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

## LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, <u>In re: LEO STOLLER</u>, No. 05 B 64075, in that defendant filed a "Schedule G. Executory Contracts and Unexpired Leases" in which the defendant falsely represented that he had no executory contracts or unexpired leases, when, in fact, as the defendant well knew, defendant was the landlord in an unexpired lease of 1212 North Lathrop;

In violation of Title 18, United States Code, Section 152(3).

## COUNT SIX

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, in that defendant filed a "Schedule I. Current Income of Individual Debtor(s) Property" in which the defendant falsely represented in response on line 8 that he earned no income from real property, when, in fact, as the defendant well knew, defendant was receiving monthly income of approximately $2,250 from the rental of 1212 North Lathrop;

In violation of Title 18, United States Code, Section 152(3).

## COUNT SEVEN

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, in that defendant falsely stated "None" in response to Question #2 of the SOFA which required defendant to disclose all income in the two years immediately preceding the commencement of the bankruptcy case, other than from employment, trade, profession, or operation of the debtor's business, when, in fact, as the defendant well knew, defendant earned approximately $13,500 in rental income from 1212 North Lathrop within one year of filing bankruptcy;

In violation of Title 18, United States Code, Section 152(3).

## COUNT EIGHT

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, in that defendant falsely stated "None" in response to Question #10a of the SOFA which required defendant to list all property transferred either absolutely or as security within two years immediately preceding the commencement of this bankruptcy case, when, in fact, as the defendant well knew, defendant transferred his beneficial interest in 1212 North Lathrop on or about March 15, 2005, and had transferred an interest in 1212 North Lathrop twice as security within two years of filing bankruptcy;

In violation of Title 18, United States Code, Section 152(3).

## COUNT NINE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1. The allegations of paragraph one of Count One are incorporated by reference and realleged as if fully set forth herein.

2. On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

LEO STOLLER,

defendant herein, knowingly and fraudulently made a false declaration, certification and statement under penalty of perjury in a case under Chapter 13 of the United States Bankruptcy Code (Title 11), namely, In re: LEO STOLLER, No. 05 B 64075, in that defendant falsely stated "None" in response to Question #14 of the SOFA which required that defendant "[l]ist all property owned by another person that the debtor holds or controls," when, in fact, as the defendant well knew, defendant had power of direction over the trust holding legal title to 1212 North Lathrop which defendant exercised for his benefit;

In violation of Title 18, United States Code, Section 152(3).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY