UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 10 CR 1052 |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| LEO STOLLER | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY

The United States, by and through its attorney, GARY S. SHAPIRO, United States

Attorney for the Northern District of Illinois, hereby responds in opposition to defendant Leo

Stoller's motion to withdraw his plea of guilty to Count Nine of the indictment.

PROCEDURAL BACKGROUND

The indictment in this case charged defendant with knowingly and fraudulently

concealing property that belonged to the estate of a debtor in a Chapter 13 bankruptcy

proceeding, in violation of 18 U.S.C. § 152(1) (Counts 1-2), and knowingly and fraudulently

making a false statement under penalty of perjury in a Chapter 13 bankruptcy proceeding,

in violation of 18 U.S.C. § 152(3) (Counts 3-9). Record Item ("R.") 1.

On January 12, 2011, defendant appeared for arraignment. A very experienced

and able counsel, John F. Murphy from the Office of the Federal Public Defender, was

appointed to represent the defendant, who thereafter entered a plea of not guilty to all

counts of the indictment. R.6. Later that year, as the case proceeded toward its initial trial

date, Mr. Murphy enlisted as his trial partner another very experienced and able defense

attorney, Robert D. Seeder of the Office of the Federal Public Defender. *See* R.43.

On April 13, 2012, pursuant to a written plea agreement, defendant pled guilty to

Count Nine of the indictment, with the government's agreement to dismiss the remaining

counts. R.58. This Court engaged in a careful and thorough colloquy to assure that defendant's guilty plea was knowing and voluntary. R.80.

On October 19, 2012, less than two weeks away from sentencing, the Federal Defender Program moved to withdraw from its representation of the defendant, which motion was granted. R.71, R.73. The defendant's current attorney, John Meyer, was thereafter appointed to represent the defendant. R.74.

Defendant has now moved to withdraw his guilty plea based upon this Court's alleged failure, as required by Federal Rule of Criminal Procedure ("Rule") 11(b), to advise the defendant of the following:

> a. to government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath (Rule 11(b)(1)(A));
>
> b. the defendant's right to persist in his plea of not guilty (Rule 11(b)(1)(B));
>
> c. the right to be represented by counsel at trial and at every other stage of the proceeding (Rule 11(b)(1)(D));
>
> d. the defendant's right to be protected from compelled self-incrimination (Rule 11(b)(1)(E)); and
>
> e. the Court's obligation to consider possible departures under the guidelines (Rule 11(b)(1)(M)).

R.88 (pp. 2-3). Defendant further seeks to withdraw his guilty plea based upon the alleged failure of this Court to assure that defendant was not induced to plead guilty based upon promises outside of the plea agreement, as required by Rule 11(b)(2). *Id.* (p.4).

Defendant's motion is not supported by an affidavit (or any other evidence) establishing that defendant's guilty plea was made involuntarily, or otherwise explaining why, but for the alleged omissions from the Rule 11 plea colloquy, defendant would not

have pled guilty. *See* R.88. Rather, defendant merely asserts that the insufficiency of the plea colloquy demonstrates, *ipso facto*, that "Stoller would more likely than not have made a different choice if he had been fully informed as to the rights he was relinquishing." *Id.* (p.6). Defendant has also not requested that he be given an evidentiary hearing for the purpose of establishing that his guilty plea was involuntarily made. *See* R.88.

ARGUMENT

The defendant has failed to meet his heavy burden of demonstrating a fair and just reason for this Court to allow him to withdraw his guilty plea. For the reasons set forth below, this Court's plea colloquy substantially satisfied Rule 11's requirements because this Court either adequately admonished the defendant or, to the extent the Court omitted an item listed in Rule 11(b), this Court's failure to do so was harmless error because the omission did not affect defendant's substantial rights.

A.   Legal Standard

Rule 11(d)(2)(B) provides, in relevant part that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."

This "is not a free-swinging backdoor." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001). Rather:

> After a court has accepted a guilty plea, a defendant's right to withdraw the plea prior to sentencing is not absolute; he may withdraw the plea only if he can show a fair and just reason for requesting the withdrawal. When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity and the "fair and just" Rule 11(d)(2)(B) escape hatch is narrow. A defendant's burden of showing the existence of a fair and just reason is heavy in such circumstances.

*United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) (internal citations omitted). Even when the defendant proffers reasons in support of his motion to withdraw his guilty plea (which Stoller has not done in this case), "district courts are generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson,* 576 F.3d 431, 437 (7th Cir. 2009) (quoting and citing *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995)). *See also United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1998) (holding that "[e]ntry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard."); *United States v. Akinsola,* 105 F.3d 331, 332-33 (7th Cir. 1997) ("it is of vital importance to the system of criminal justice that guilty pleas not be lightly set aside on fanciful arguments that exalt form over substance").

The Seventh Circuit has never required "strict adherence to the strictures of [Rule 11]; rather the focus is on whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights." *Messino*, 55 F.3d at 1254. If the defendant is fully apprised of his rights and the consequences of his actions, and he knowingly and voluntarily enters into the entire contents of the plea agreement, the hearing is proper. *Id.* The Seventh Circuit long ago rejected the contention that "non-compliance with a single provision of Rule 11 requires that the defendant be allowed to plead anew," and went so far as to call that contention a "misstatement of the law." *Akinsola*, 105 F.3d at 334 (7th Cir. 1997). This principle is embodied in Rule 11(h): "A variance from the requirements of his rule is harmless error if it does not affect substantial rights."

-4-

Courts will permit a defendant to withdraw his plea if he demonstrates that he did not enter into his plea knowingly or voluntarily. *United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010). "A guilty plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges, and advised by competent counsel." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir. 1989). In evaluating whether a plea was knowingly and voluntarily made, a court considers the totality of the circumstances, including the "complexity of the charge, the defendant's level of intelligence, age, and education, whether defendant was represented by counsel, the judge's inquiry during the plea hearing, and the defendant's statements, as well as the evidence proffered by the government." *Messino*, 55 F.3d at 1248-49. In evaluating a motion to withdraw a guilty plea, a defendant's statements during his plea colloquy are accorded a "presumption of verity," *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003), and courts will look to a plea agreement when evaluating the totality of the circumstances surrounding a guilty plea. *Akinsola*, 105 F.3d at 334.

B.    <u>As a Matter of Law, Defendant Cannot Establish a Fair and Just Reason for Being Allowed to Withdraw His Guilty Plea.</u>

1.    <u>Rule 11(b)(1)(A): Government's Use of Statements in Perjury Prosecution</u>

Defendant first complains that this Court failed to advise him of "the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath," as required by Rule 11(b)(1)(A). Although this Court did, in fact, omit this admonishment from the plea colloquy, the error is harmless because it did not affect the defendant's substantial rights.

-5-

The Seventh Circuit has held that failure to comply with Rule 11(b)(1)(A) is harmless when there is no current or prospective prosecution for perjury or false statements. *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996);[1] *see also, United States v. Ayangade*, 359 Fed. Appx. 668 (7th Cir. 2010) (unpublished) (citing *Graves* and characterizing such an argument as "frivolous" for purposes of ruling upon appellate counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967)); *United States v. Craigg*, 338 Fed. Appx. 530 (7th Cir. 2009) (unpublished)). In *Graves*, the Court further noted that, even if the error was not harmless due to a prospective perjury trial, the proper remedy would be exclusion of the statement at trial rather than withdrawal of the guilty plea. *Id.*

Defendant's motion to withdraw does not assert that defendant's statements during the plea colloquy are currently being used against him in a prosecution for perjury or false statements and, to the government's knowledge, there are no such proceedings taking place. Accordingly, based upon *Graves*, the Court's failure to admonish defendant about the government's potential use of his under-oath statements in a prosecution for perjury or false statements cannot serve as a basis for defendant to withdraw his guilty plea.

2.    Rule 11(b)(1)(B):  Right to Persist in a Plea of Not Guilty.

Defendant next asserts that this Court failed to inform him of his right to persist in a plea of not guilty and proceed to trial, as required under Rule 11(b)(1)(B). Review of the plea colloquy transcript, however, demonstrates that the Court adequately advised defendant concerning his right to persist in a plea of not guilty and proceed to trial.

---

[1] *Graves* involved the predecessor to Rule 11(b)(1)(A), which was codified at Rule 11(c)(5) until 2002. As the Committee Comments make clear, the recodification was merely stylistic.

As an initial matter, the defendant had already pled not guilty at arraignment and was represented by two extremely experienced and able defense attorneys who obviously were aware of defendant's right to proceed to trial under a plea of not guilty. Further, from having been present in court throughout the case, defendant was actually aware that his case was generally proceeding toward trial. These facts demonstrate that defendant was actually aware of his right to persist in his plea of not guilty and proceed to trial.

Defendant's awareness is further demonstrated by the plea agreement, which provided, in relevant part, as follows:

> 19.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:
>        a    **Trial Rights**. Defendant has the right to persist in a plea of not guilty to the charges against him and if does, he would have the right to a public and speedy trial.
>                . . .

R.58 (¶ 19). The plea agreement contained a certification that defendant read and understood the plea agreement, *id.* (¶ 29), and defendant acknowledged during the change of plea hearing that he discussed the plea agreement with his attorneys "in detail" on multiple occasions and that they answered defendant's questions about it. R.80 (pp. 7-8).

Finally, the fact that the defendant had the right to persist in the plea of guilty was necessarily implied in the Court's questioning:

> THE COURT: Okay. All right. Now, Mr. Stoller, you do have a right to have a trial by jury. And you have a right to have a speedy trial.
> [Extended discussion of trial rights.]
> But today ***if you plead guilty*** with this plea agreement, you waive all of those trial rights.
> Do you understand that?
>
> THE DEFENDANT: Yes, Judge.

R.80 (pp. 14-16) (emphasis added). Although this Court did not use the precise words "right to persist in a plea of not guilty," that concept was clearly expressed during this Court's colloquy. This Court made very clear that the defendant had a choice - either go to trial (based upon a plea of "not guilty") or plead guilty and face the consequences, such as waiver of trial rights. This colloquy reasonably assured that defendant was not suffering under the mistaken belief that he had no option but to plead guilty, which is the purpose of Rule 11(b)(1)(B). *United States v. Diaz*, 487 Fed. Appx. 306, **1 (7th Cir. 2012) (unpublished) ("The district court's explanation of the right to a jury trial necessarily put Diaz on notice that he could persist in a plea of not guilty, which Diaz knew already because he had pleaded not guilty at arraignment and stood on that plea until the Rule 11 colloquy.") (citing cases).

Even if the Court's colloquy did technically fail to satisfy the requirements of Rule 11(b)(1)(B), the error would be harmless because it did not affect defendant's substantial rights. As summarized above, defendant knew that he had the right to proceed to trial under a plea of not guilty, and at no point in his motion does he assert that his attorneys (or anybody else) informed him that he was not permitted to persist in his plea of not guilty and proceed to trial on the indictment. Indeed, the fact that defendant originally pled not guilty should be fatal to his claim. *See United States v. Hernandez*, 263 Fed. Appx. 534, **1 (7th Cir. 2008) (unpublished) ("Nor was Hernandez harmed by the court's failure to tell him he could plead not guilty, *see* Fed. R. Cr. P. 11(b)(1)(B), because he knew he had that right; he had exercised it before changing his plea to guilty.") (citing *United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002)).

-8-

3.     Rule 11(b)(1)(D):  Defendant's Right to Counsel

Defendant next asserts that this Court failed to inform him of his right to be represented by counsel throughout the proceeding, as required under Rule 11(b)(1)(D). Again, however, the record demonstrates that the Court adequately advised defendant of his right to counsel as required by Rule 11(b)(1)(D).

First, defendant was represented by the Federal Defender Program from the time of his arraignment and, in fact, the Federal Defender Program had assigned two attorneys to the defendant's case in anticipation of the case proceeding to trial.

Second, the plea agreement recognized the right to counsel by reciting that, if defendant proceeded to trial, the defendant "and his attorney" would participate in jury selection and that "his attorney" could cross-examine government witnesses.  R.58 (¶ 19(a)(ii) and (v)).  The plea agreement was signed by defendant and Mr. Murphy, *id.* (p.18), and defendant acknowledged reading and understanding of it.  R.58 (¶ 29); R.80 (pp. 7-8).

Third, during the plea colloquy, this Court reiterated that the defendant's attorneys could be involved in jury selection and cross-examination of government witnesses, as well as in the issuance of subpoenas.  R.80 (pp. 14-15).

Although this Court's language during the plea colloquy did not mirror the language of Rule 11(a)(1)(D), the Court substantially satisfied its requirements.  In particular, the defendant always had an appointed attorney, the Court necessarily implied that defendant had the right to counsel (at least during trial) and the Court said nothing that would have given defendant the belief that he did not have a right to counsel throughout the proceeding.  *See United States v. Williams*, 494 Fed. Appx. 639, **1 (7th Cir. 2012) (unpublished) (rejecting claim based upon district court's failure to admonish defendant of

his right to counsel because defendant "who already had pleaded not guilty and had been represented by appointed counsel throughout the proceedings [was] almost certainly was aware of these rights.") (citing *Knox*, 287 F.3d at 670; *United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988).

Even if the Court technically failed to fully comply with the requirements of Rule 11(b)(1)(D), the error would be harmless because it did not affect defendant's substantial rights. Indeed, defendant's motion does not even assert that, in fact, defendant entered his guilty plea under the mistaken belief that he would not have a right to counsel throughout the proceeding. Given the evidence that defendant was fully aware of his right to counsel, and the lack of any proffered evidence from defendant suggesting otherwise, defendant falls far short of demonstrating that any omission of the admonishment required by Rule 11(b)(1)(D) affected his substantial rights.

4.      Rule 11(b)(1)(E):  Defendant's Right Against Compelled Self-incrimination.

Defendant next asserts that this Court failed to inform defendant of his right against compelled self-incrimination, as required under Rule 11(b)(1)(E). However, the record demonstrates that the Court adequately advised defendant concerning his right against compelled self-incrimination.

First, the plea agreement explicitly set forth that the defendant had a privilege against self-incrimination:

> At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

R.58 (¶ 19(a)(vii)). As previously noted, the defendant acknowledged his full understanding of the plea agreement. *Id.* (¶ 29); R.80 (pp. 7-8).

Second, during the plea colloquy, this Court made absolutely clear that the defendant did not have to testify if he chose not to do so, which is the essence of the right against compelled self-incrimination:

> Now, **you could testify in that trial or you could choose not to**. And if you chose not to, I would tell that jury that they could make no inference of guilt based upon your refusal to testify.

R. 80 (p.15) (emphasis added). Defendant expressly acknowledged his understanding that he was waiving that right. *Id.* (p.16).

This Court's colloquy satisfied Rule 11(b)(1)(E) because it clearly admonished defendant of his right against compelled self-incrimination, i.e., that he "could choose not to" testify at trial. This Court in no way qualified that language by suggesting that the government could force the defendant onto the witness stand. The absence of a request for clarification from the defendant demonstrates his full understanding that he could not be compelled to be witness against himself.

Even if this Court's colloquy is deemed technically deficient (which it was not), the violation would be harmless because it did not affect defendant's substantial rights. Defendant was represented by able counsel and had signed a plea agreement in which he acknowledged that he had the right to refuse to testify at trial; that fact alone is fatal to his claim. *See Hernandez*, 263 Fed. Appx. 534, **1 ("it was harmless error for the court to fail to inform Hernandez of his right against self-incrimination, *see* Fed. R. Cr. P. 11(b)(1)(E), as that right is spelled out in the plea agreement.") (citing *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001)); *United States v. Laws*, 420 Fed. Appx. 611, **1 (7th Cir. 2011)

-11-

(unpublished). Moreover, as with his other claims, defendant has not asserted in his motion that he did, in fact, enter his plea under the mistaken impression that he could be compelled to be a witness against himself. Given the totality of the record, and the absence of any proffered evidence from the defendant indicating otherwise, defendant falls far short of this burden of establishing that any failure in the plea colloquy affected his substantial rights

5. <u>Rule 11(b)(1)(M): Court's Obligation to Consider Guidelines Departures.</u>

Defendant next asserts that this Court failed to inform defendant of the Court's obligation to consider possible departures from the guidelines range, as required under Rule 11(b)(1)(M). Again, however, the record demonstrates that this Court adequately advised defendant about the Court's obligation to consider departures in determining defendant's sentence.

First, the plea agreement explicitly summarized the parties' agreement that, with an offense level of 19, and a criminal history category of I, defendant's advisory range was 30-37 months' imprisonment. R.58 (¶ 9, pp.6-8). The plea agreement also recited the maximum term of imprisonment of five years, and explicitly stated that this Court was not bound by the parties' guidelines calculations and could sentence defendant up to the maximum term of five years' imprisonment. *Id.* (¶¶ 7(a), 9(e) and 11). Defendant has acknowledged his full understanding of the plea agreement. R.58 (¶ 29); R.80 (pp. 7-8).

Second, during the plea colloquy, this Court reviewed, and defendant acknowledged understanding, that the maximum potential sentence was five years' imprisonment and the preliminary guidelines range was 30-37 months' imprisonment. R.80 (pp. 9-11). This Court also reiterated, and defendant affirmed his understanding, that the Court was not a party

to the plea agreement, that it could sentence defendant to a term of up to five years imprisonment, and that defendant could not withdraw his guilty plea even if he received a sentence of five years' imprisonment. *Id.* (pp. 11-12). Since this Court's colloquy necessarily implied that the Court might depart above the applicable guidelines range, it substantially satisfied the requirements of Rule 11(b)(1)(M). *See United States v. Parker*, 368 F.3d 963, 968 (7th Cir. 2004) (in case involving challenge based upon alleged failure by district court to satisfy Rule 11(b)(1)(M), defendant's acknowledgment that maximum potential sentenced was 60 months' imprisonment when advisory range was 37-46 months' imprisonment "demonstrates that [the defendant] contemplated the possibility of a sentence exceeding the applicable guideline range.").

Even if the Court technically failed to satisfy Rule 11(b)(1)(M), the error would be harmless because it did not affect defendant's substantial rights. In particular, especially in light of the plea agreement and the Court's plea colloquy, the record demonstrates that defendant was aware that he faced a potential sentence of 60 months' imprisonment, regardless of what the final guidelines range was ultimately determined to be. *See Parker*, *supra*; *United States v. Hernandez*, 182 Fed. Appx. 547, **1 (7th Cir. 2006) (unpublished) (district court's failure to satisfy Rule 11(b)(1)(M) would be harmless error because those matters were addressed in defendant's plea agreement); *see also United States v. Adams*, 256 Fed. Appx. 796, **1 (7th Cir. 2007) (unpublished) (questioning "whether Rule 11(b)(1)(M) still requires courts to inform defendants of their discretion to depart from the guidelines" in light of *Booker v. United States*, 543 U.S. 220 (2005)). Defendant has not asserted that he misunderstood the Court's power to depart from the guidelines.

Therefore, defendant cannot meet his burden of demonstrating that this Court's failure to admonish him about that authority affected his substantial rights.

### 6. Rule 11(b)(2): Confirmation That Guilty Plea Was Not the Result of Any Promises Outside of the Plea Agreement.

Defendant also asserts that this Court failed adequately to confirm that defendant's decision to plead guilty was not the result of any promises external to the plea agreement, as required under Rule 11(b)(2). The record demonstrates that this Court adequately confirmed that defendant's decision to plead guilty was unaffected by any promises external to the plea agreement.

First, the plea agreement contains the defendant's explicit certification that his guilty plea is not the result of any external factors, including any promises outside of the four corners of the plea agreement:

> Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

R.58 (¶ 28). Defendant acknowledged his full understanding of the plea agreement. *Id.* (¶ 29); R.80 (pp. 7-8).

Second, during the plea colloquy, this Court specifically asked defendant if his decision to plead guilty was based upon anything other than his own free choice:

> THE COURT: Okay. All right. Now, do you – do you have any reason other than your own voluntary reason to enter into this plea agreement today? Is anyone forcing you to do this?
>
> THE DEFENDANT: No, Judge.

R.80 (p.13).

The government submits that this Court's colloquy satisfied Rule 11(b)(2) because it eliminated the question of whether there was "any reason" other than defendant's "own voluntary reason" for entering into this plea agreement. That question would have reasonably encompassed any promises outside of the plea agreement.

However, even if it the Court's colloquy technically violated the requirements of Rule 11(b)(2), the error was harmless because it did not affect defendant's substantial rights given the terms of the plea agreement. *See United States v. Bello-Gobea*, 271 Fed. Appx. 534, \*\*1 (7th Cir. 2008) (unpublished) (granting *Anders* motion, Court finds that district court's omission of Rule 11(b)(2) inquiry during plea colloquy was harmless error since "the plea agreement specifically stated that 'no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty,'") (citing *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001)); *see also United States v. Hausler*, 409 Fed. Appx. 4, \*\*2 (7th Cir. 2010) (unpublished) (same).

## CONCLUSION

For all of the foregoing reasons, the defendant's motion to withdraw his plea of guilty should be DENIED.

Respectfully submitted,

GARY S. SHAPIRO
United States Attorney

By:  ___s/ Timothy J. Chapman_____
TIMOTHY J. CHAPMAN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois  60604

-15-