IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 10 CR 1052 |
| | ) | |
| LEO STOLLER, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 15, 2010, a federal grand jury returned a nine-count indictment against Stoller charging him with concealing assets in connection with a bankruptcy case in violation of Title 18, United States Code, Section 152(1) (Counts One and Two) and making false declarations, certifications, verifications, or statements in connection with a bankruptcy case in violation of Title 18, United States Code, Section 152(3) (Counts Three through Nine). Stoller appeared before this Court on January 12, 2011, and entered a plea of not guilty as to all counts. (Dkt. No. 6.) This Court appointed the Federal Defender Program as counsel for Stoller that same day. (Dkt. No. 9.) John F. Murphy from the Federal Defender Program entered an appearance on Stoller's behalf on January 13, 2011. (Dkt. No. 10.) A second attorney from the Federal Defender Program, Robert D. Seeder, entered an appearance on Stoller's behalf on April 9, 2012. (Dkt. No. 54.) Mr. Seeder entered his appearance a few weeks before the scheduled April 23, 2012, start of Stoller's jury trial. (*See* Dkt. No. 47.)

On April 13, 2012, Stoller withdrew his plea of not guilty and entered a plea of guilty as to Count Nine. (Dkt. No. 57.) Before accepting Stoller's plea agreement, this Court held a

change of plea hearing during which this Court determined that Stoller's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. After placing Stoller under oath, this Court determined that Stoller was competent to enter a plea of guilty based on Stoller's answers to a series of questions asked by this Court. (*See* Hr'g Tr. 8:17-20 (Apr. 13, 2012).) Notably, Stoller explained that he met with his appointed counsel three or four times to discuss the plea agreement and went over it in detail with counsel. (*Id.* at 7:11-24.)

This Court also advised Stoller as to the sentence he faced, his rights, and the effects of his waiver of his rights. For instance, this Court explained that a plea of guilty could result in a maximum penalty of five years in prison (*id.* at 9:7-10); that the sentencing guidelines were advisory and supported a sentence in the range of thirty to thirty-seven months in prison (*id.* at 9:16-11:4); and that Stoller could not withdraw his plea due to his sentence as long as this Court sentenced Stoller to less than five years in prison (*id.* at 12:3-8). This Court also explained that Stoller had a right to a trial by jury, that the government had to prove guilt beyond a reasonable doubt, that Stoller's counsel could cross-examine witnesses who testify against Stoller, that Stoller could testify at trial if he chose to do so, and that no one could infer guilt should Stoller choose not testify at trial. (*Id.* at 14:18-16:7.) After explaining his rights, this Court explained that Stoller would waive all of those rights, as well as his appellate rights, by entering a plea of guilty. (*Id.* at 16:4-19.) Despite these admonishments, Stoller entered and this Court accepted a plea of guilty. (*Id.* at 22:8-14.)

On October 19, 2012, Mr. Murphy moved for leave for the Federal Defender Program and Mr. Murphy to withdraw as counsel for Stoller. (Dkt. No. 71.) Mr. Murphy explained that "[o]ver the course of the representation, the attorney-client relationship has deteriorated dramatically and irreconcilable differences have arisen. These related very directly to differences

regarding litigation strategy as well as perceived miscommunications concerning significant decisions in this case. These differences pose obstacles to the effective assistance of counsel." (*Id.*) Judge Rebecca R. Pallmeyer granted that motion on October 22, 2012, (Dkt. No. 73), and appointed John A. Meyer as counsel for Stoller on October 26, 2012. (Dkt. No. 74.) Mr. Meyer entered an appearance on Stoller's behalf on October 26, 2012. (Dkt. No. 75.)

Stoller moved to withdraw his plea of guilty on June 27, 2013. (Dkt. No. 88.) Stoller argues that this Court's plea colloquy was deficient in several respects in that this Court: (1) failed to advise him as to the government's right to use his statements against him in accordance with Fed. R. Crim. P. 11(b)(1)(A); (2) failed to advise him as to his right to persist in his plea of not guilty in accordance with Fed. R. Crim. P. 11(b)(1)(B); (3) failed to advise him as to his right to counsel at trial and every other stage of the proceeding in accordance with Fed. R. Crim. P. 11(b)(1)(D); (4) failed to advise him as to his right to be protected against self-incrimination in accordance with Fed. R. Crim. P. 11(b)(1)(E); and (5) failed to advise him as to this Court's obligation to consider possible departures under the sentencing guidelines in accordance with Fed. R. Crim. P. 11(b)(1)(M). (Dkt. No. 88 at 3.) Stoller also argues that this Court failed to determine whether anyone promised Stoller anything other than what is in his plea agreement in accordance with Fed. R. Crim. P. 11(b)(2). (*Id.* at 4.) The government opposes Stoller's motion.

### LEGAL STANDARD

A defendant may withdraw a plea of guilty after a court accepts the plea but before the court imposes a sentence if the defendant can show a fair and just reason for withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). A defendant's right to withdraw a plea prior to sentencing is not absolute. *Id.* at 606-07. One instance in which

a defendant may withdraw a plea of guilty is where the defendant did not enter the plea voluntarily and knowingly. *Id.*

To ensure that a defendant enters his plea voluntarily and knowingly, a court must address the defendant personally in open court. Fed. R. Crim. P. 11(b)(1); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). During this exchange, often referred to as a Rule 11 or plea colloquy, a court informs a defendant who intends to enter a plea of guilty of various rights outlined in Rule 11 to ensure that the defendant understands his rights. *Id.* But Rule 11 does not require rigid adherence. *Id.* Rather, the validity of a plea colloquy depends on whether, based on the totality of the circumstances, a defendant understood the charge against him and whether the court informed the defendant of his rights. *Id.* at 688-89; *see also United States v. Messino*, 55 F.3d 1241, 1254 (7th Cir. 1995). Factors such as the complexity of the charge, the defendant's level of intelligence, age, and education, and whether counsel represented the defendant influence the determination as to the validity of a plea colloquy. *Blalock*, 55 F.3d at 689.

Substantial compliance with Rule 11 is all that is necessary to ensure that a defendant enters his plea voluntarily and knowingly. *See United States v. Davila*, 133 S. Ct. 2139, 2146-47 (2013); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). Any variance from the requirements of Rule 11 is harmless error if it does not affect substantial rights. Fed. R. Crim. P. 11(h). Whether an error is harmless in the context of Rule 11 depends on "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Loutos*, 383 F.3d 615, 618 (7th Cir. 2004) (citations omitted).

**DISCUSSION**

The record shows that this Court did not commit error because Stoller understood the charges against him and this Court admonished him as required by Rule 11 prior to accepting his plea. Stoller concedes that this Court ascertained that Stoller's plea was voluntary and that no one forced him to enter a plea of guilty. (Dkt. No. 88 at 4.) This Court determined as much after having conducted its extensive plea colloquy with Stoller to ensure that he understood the charges against him, his rights, and the effects of his plea of guilty on his rights.

**I.      Stoller's level of intelligence, age, education, and familiarity with the judicial process do not support his motion to withdraw his plea of guilty.**

At the time of the plea colloquy, Stoller was a sixty-five year old father of four who earned a master's degree in speech and drama. Stoller also was "a familiar litigant, to say the least" at the time of his plea colloquy. *See Google, Inc. v. Cent. Mfg.*, 316 Fed. Appx. 491, 492 (7th Cir. 2008). Stoller has represented himself before this Court and before the United States Court of Appeals for the Seventh Circuit. *See id.*; *see also Google, Inc. v. Cent. Mfg.*, No. 7 C 0385, 2007 U.S. Dist. LEXIS 17799 (N.D. Ill. Mar. 12, 2007).[1]

In addition to his pro se experience, Stoller has been a party to a number of cases in which counsel represented him and his companies. *See Cent. Mfg. v. Brett*, 492 F.3d 876, 880-81 (7th Cir. 2007) (identifying seven trademark cases in which Stoller or one of his companies was a party). Stoller has filed so many lawsuits that he cannot file a new lawsuit in this district without prior authorization. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) ("Stoller argues that the district court erred when it declared that he was a vexatious litigant and barred him from filing additional lawsuits without obtaining prior authorization). The Seventh

---

[1] Stoller has even proven savvy enough to have one of this Court's orders vacated and remanded by the Seventh Circuit. *See Google, Inc.*, 316 Fed. Appx. at 496.

Circuit has also barred Stoller from filing any new appeals until he pays a fine. *See id.* at 481. Thus, Stoller not only understands the judicial system but also abuses it through frivolous filings.

That is the case here, as there is no merit to Stoller's suggestions that this Court's plea colloquy was deficient or that Stoller did not understand either the charges against him or his rights. This is particularly true here, where the charge—knowingly and fraudulently making a false statement under penalty of perjury in a Chapter 13 bankruptcy proceeding—is not complex and this Court and the plea agreement informed Stoller of his rights.

**II.      Withdrawal is not appropriate because Stoller has had the benefit of experienced defense counsel throughout this case.**

Here, Stoller has had the benefit of court-appointed counsel throughout this case. Mr. Murphy, Stoller's counsel at the time he entered his plea of guilty, is a highly experienced defense attorney who has defended clients in federal courts for more than thirty years. Notably, Stoller did not allege ineffective assistance of counsel in his motion to withdraw his plea. In fact, Stoller stated under oath that he was satisfied with his counsel, both generally and with respect to Stoller's specific questions regarding the plea agreement. (Hr'g Tr. 7:19-8:14 (Apr. 13, 2012).) Stoller entered a plea agreement with the government after reviewing that plea agreement in detail with his counsel. (*Id.*) That plea agreement echoes many of the rights outlined in Rule 11. (*See* Dkt. No. 58 at 10-12 and 15-16.) During the plea colloquy, this Court asked Stoller questions to determine whether Stoller was competent (*See* Hr'g Tr. 8:17-20 (Apr. 13, 2012)) and willing to enter a plea of guilty (*Id.* at 13:20-24). Satisfied on both fronts, this Court accepted Stoller's plea. (*Id.*at 22:11-14.)

6

III.     **Stoller understood his rights because this Court gave Stoller a thorough and
extensive plea colloquy that exceeds Rule 11's requirements.**

Stoller's attack on this Court's plea colloquy must fail because this Court complied with

Rule 11. Stoller bases his arguments on the mistaken belief that form is more important than

substance when it comes to a plea colloquy. That is not the case as literal compliance with Rule

11 is not necessary. *See United States v. Cross*, 57 F.3d 588, 591-92 (7th Cir. 1995) ("In

reviewing Rule 11 proceedings, we do not give Rule 11 'such a crabbed interpretation that

ceremony is exalted over substance.'") (citation omitted). Rule 11 does not require this Court to

follow a script during a plea colloquy. *See Messino*, 55 F.3d at 1254 ("We have not and do not

intend to mandate a specific format or dialogue to be followed in a Rule 11 hearing. If the

defendant is fully apprised of his rights and the consequences of his actions, and he knowingly

and voluntarily enters into the entire contents of the plea agreement, the hearing is proper.").

Rather, Rule 11 requires substantial compliance to ensure that the defendant knowingly

and voluntarily enters a plea of guilty. This Court spent considerable time carefully reviewing

each of Stoller's rights with him in open court. To be certain that this Court covered all of

Stoller's rights, this Court followed the Benchbook for U.S. District Court Judges, Sixth Edition

(Federal Judicial Center, March 2013) and even went beyond what that manual requires. Even if

one could argue that this Court did not adhere to Rule 11, any errors in its colloquy with Stoller

were harmless. This is particularly true in view of the detailed plea agreement that Stoller

reviewed with his counsel and signed. *See Akinsola*, 105 F.3d at 334 (7th Cir. 1997) ("[W]e think

it is important to note that when an elaborate written plea agreement is present in a case where a

defendant is represented by counsel, our review of the proceedings will include a look at that

agreement itself as well as the judge's Rule 11 colloquy."). Consequently, none of Stoller's

arguments, alone or in combination, provides a fair and just reason for the withdrawal of Stoller's guilty plea.

> **A.** **Any failure to admonish Stoller as to Fed. R. Crim. P. 11(b)(1)(A) is harmless.**

Stoller argues that this Court should have advised him under Fed. R. Crim. P. 11(b)(1)(A) that the government could use any statement Stoller made under oath against him in a prosecution for perjury or false statement. First, Stoller fails to mention that he took an oath in open court before this Court addressed him during the plea colloquy. That oath served as a reminder as to the risks of perjury. Second, this Court asked Stoller whether he reviewed the plea agreement with his counsel (Hr'g Tr. 7:11-24 (Apr. 13, 2012)), whether he was satisfied with his counsel (*id.* at 8:9-11), and whether he entered his plea voluntarily (*id.* at 13:20-24). There is nothing in the record to suggest that any statement made by Stoller during the plea colloquy is the subject of any prosecution for perjury or false statement against him. In fact, the government represents that, to its knowledge, there are no such proceedings pending against Stoller. (Dkt. No. 89 at 6.) Stoller makes no mention of such proceedings. (*See* Dkt. No. 88.) This renders the oral omission harmless. *United States v. Rojo*, 295 F. App'x 86, 88 (7th Cir. 2008) (unpublished); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Moreover, charged with several counts of making false statements to the government and having had counsel represent him with respect to those charges, there is no reason to believe that, at the time of the plea colloquy, Stoller did not understand the risks involved when one perjures himself. This would have been exactly the conversation that Stoller would have had with his seasoned counsel, Mr. Murphy, to defend against the charges. For these reasons, this Court's oral

omission with respect to Fed. R. Crim. P. 11(b)(1)(A) is not a fair and just reason for withdrawal of Stoller's plea of guilty.

> **B.      Stoller knew that he could persist in his plea of not guilty because this Court addressed it during his plea colloquy.**

This Court advised Stoller during the plea colloquy of his right to persist in his plea of not guilty by advising him of his trial rights. After explaining that Stoller had, among other things, a right to a trial by jury, this Court asked Stoller whether he understood that "if you plead guilty with this plea agreement, you waive all of those trial rights." (Hr'g Tr. 14:18-16:7 (Apr. 13, 2012).) With a master's degree in speech, this Court rejects the suggestion that Stoller did not understand that "if" is conditional, which means that this Court's inquiry necessarily re-affirmed to Stoller that he did not have to plead guilty. Consequently, this Court's explanation concerning Stoller's trial rights necessarily advised Stoller of his right to persist in his plea of not guilty because there could be no trial otherwise. *See United States v. Diaz*, 487 F. App'x 306, 307 (7th Cir. 2012) (unpublished).

Indeed, confirming that Stoller understood that a plea of guilty would waive his trial rights is a practical equivalent to an explanation that he could persist in his plea of not guilty. *See United States v. Dabney*, 414 F. App'x 869, 871-72 (7th Cir. 2011) (unpublished). Moreover, Stoller's plea agreement not only explicitly states that he could persist in his plea of not guilty but also ties that right to his right to a public and speedy trial. (Dkt. No. 58 ¶ 19(a).) Mr. Stoller stated, under oath, that he had met with his counsel several times and went over his plea agreement in detail with his counsel. (Hr'g Tr. 7:19-21 (Apr. 13, 2012).) For these reasons, this Court finds that Stoller understood that he had a right to persist in his plea of not guilty. Nothing in the record indicates that Mr. Stoller did not understand that he had a right to trial or to persist

in his plea of not guilty. Therefore, Fed. R. Crim. P. 11(b)(1)(B) does not provide a fair and just reason for withdrawal of Stoller's plea of guilty.

### C.      Stoller knew that he had a right to counsel, took advantage of it, and this Court told Stoller that his right to counsel would continue through trial.

Stoller's suggestion that he did not know that he had a right to counsel at trial is frivolous. This Court advised Stoller during the plea colloquy of his right to counsel at trial and at every other stage of the proceeding. (Hr'g Tr. 13:25-14:14; 15:14-16 (Apr. 13, 2012).) When explaining Stoller's trial rights to him, this Court noted that Stoller's counsel could cross-examine witnesses against him. (*Id.* at 15:14-16.) This Court identified Stoller's court-appointed counsel, Mr. Murphy and Mr. Seeder, by name. (*Id.*) At the time, Mr. Murphy had represented Stoller since the early stages of the case; from arraignment through pretrial proceedings and at the plea colloquy. Stoller even conferred with his court-appointed counsel during the plea colloquy. (*See id.* at 13:25-14:14.) Not only has court-appointed counsel represented Stoller at all stages of this case, but Stoller also received a second appointment of counsel even after his disagreements with Mr. Murphy led to Mr. Murphy's withdrawal as counsel.

Significantly, Stoller entered his plea less than two weeks before trial. This means that Mr. Murphy represented him for most of the case; all that was left was trial and, if necessary, sentencing. Stoller's acceptance and use of court-appointed counsel and this Court's expressed expectation that Stoller's counsel would represent Stoller at trial show that Stoller knew that he had a right to counsel. Nothing in the record indicates that Mr. Stoller did not understand that he had a right to counsel at trial or at any other stage of the proceeding. Therefore, Fed. R. Crim. P. 11(b)(1)(D) does not provide a fair and just reason for withdrawal of Stoller's plea of guilty.

**D.    This Court told Stoller about his right against self-incrimination.**

Stoller's suggestion that he did not know of his right against self-incrimination is also baseless. This Court advised Stoller during his plea colloquy of his protections against compelled self-incrimination. (Hr'g Tr. 15:21-24 (Apr. 13, 2012).) This Court explained that Stoller could choose not to testify at trial and that the jury could not infer guilt based on any refusal to testify. (*Id.*) This is the admonishment required by Fed. R. Crim. P. 11(b)(1)(E).

In addition, Stoller's plea agreement explicitly states that he has a privilege against self-incrimination. (Dkt. No. 58 ¶ 19(a)(vii).) Stoller's plea agreement further explains that Stoller has a privilege against self-incrimination "so that he could decline to testify [at trial], and no inference of guilt could be drawn from his refusal to testify." (*Id.*) Clearly, Stoller understood his protections against self-incrimination. Nothing in the record indicates that Mr. Stoller did not understand his protections against compelled self-incrimination. Therefore, Fed. R. Crim. P. 11(b)(1)(E) does not provide a fair and just reason for withdrawal of Stoller's plea of guilty.

**E.    Stoller understood the charge against him and this Court explained to Stoller the maximum penalties he faced.**

Stoller's next reason for withdrawing his plea is also meritless. This Court advised Stoller during the plea colloquy that he faced a maximum sentence of five years in prison and that this Court must consider the sentencing guidelines, which are advisory, when determining an appropriate sentence. (Hr'g Tr. 9:7-12:10 (Apr. 13, 2012).) After explaining that the sentencing guidelines recommended somewhere between thirty to thirty-seven months in prison, (*id.*at 9:16-11:5), this Court made clear that it would use this advisory range and other sentencing factors under 18 U.S.C. § 3553 to determine an appropriate sentence that does not exceed five years in prison. (*Id.* at 12:3-10.) Because Stoller knew the maximum sentence that this Court could

11

impose and that the sentencing guidelines are advisory, Stoller necessarily understood that this Court could depart from the sentencing guidelines. Therefore, Fed. R. Crim. P. 11(b)(1)(M) does not provide a fair and just reason for withdrawal of Stoller's plea of guilty.

**F.      This Court ensured that Stoller's plea was voluntary by addressing Stoller personally in open court.**

This Court ensured that Stoller knowingly and voluntarily entered his plea of guilty. This Court asked Stoller whether there was any reason he agreed to enter a plea of guilty other than his own volition. (Hr'g Tr. 13:20-24 (Apr. 13, 2012).) Stoller said no. (*Id.*) Stoller's plea agreement indicates that both he and his counsel acknowledged that no threats, promises, or representations have been made that are not contained in the plea agreement. (Dkt. No. 58 ¶ 28.) Moreover, Stoller has not suggested that anyone forced, threatened, or made promises other than those in his plea agreement to induce him to enter a plea of guilty. (*See* Dkt. No. 88 at 4-5.) Therefore, this Court's determination that Stoller knowingly and voluntarily entered a plea of guilty stands unchallenged. Accordingly, Fed. R. Crim. P. 11(b)(2) does not provide a fair and just reason for withdrawal of Stoller's plea of guilty. The Court further offered Stoller's current counsel an opportunity to supplement his reasons for seeking withdrawal by informing Mr. Meyer that this Court, having reviewed the plea agreement, plea colloquy, and Stoller's motion, could not find any reason that supports withdrawal. (Hr'g Tr. 2:13-3:11 (Sept. 4, 2013).)  Mr. Meyer did not offer any additional reasons and rested on his brief. (*Id.*) That brief does not show any fair and just reason to permit Stoller to withdraw his plea of guilty.

## CONCLUSION

Stoller received a comprehensive, detailed recitation of all of his rights in accordance with Rule 11. Between the plea agreement, Stoller's experienced defense counsel, and this

Court's extensive plea colloquy, Stoller was presented with his rights and the effect his plea would have on those rights on several occasions. Stoller met with his seasoned counsel several times to review the plea agreement before agreeing to it. This Court then addressed Stoller personally in open court and determined that he was competent to enter the plea; that he understood the plea, his rights, and his waiver of those rights; and that he entered the plea voluntarily and not from force, threats, or promises not contained in the plea agreement. Given the efforts of this Court and Stoller's counsel, and in view of Stoller's level of education and his familiarity with the judicial process (he is, after all, a seasoned litigator in his own right), there is no reason to permit him to withdraw his plea of guilty. There is not a shred of evidence that he was unaware of his rights or the consequences of his plea. Without such evidence, there is no basis to suggest that there is a fair and just reason to withdraw his plea. Therefore, this Court denies Stoller's motion to withdraw his plea of guilty.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 9, 2013

13