UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CR 1052-1 |
| | ) | |
| LEO STOLLER, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant | ) | |

**DEFENDANT LEO STOLLER'S SUPPLEMENTAL
OBJECTION TO THE PRESENTENCE
INVESTIGATION REPORT**

Now comes the defendant, Leo Stoller ("Stoller"), by and through his attorney, John A. Meyer, Meyer & O'Connor, LLC, pursuant to Local Criminal Rule 32.1(g), and submits the following supplemental objection to the Presentence Investigation Report:

**Criminal History Points**

The Presentence Investigation Report (PSR) dated August 9, 2012, found that Stoller had one countable conviction for which he received one criminal history point, placing him in Criminal History Category I. In particular, according to the PSR, Stoller was convicted of indirect criminal contempt of court on November 12, 2009, and received a sentence of a $500 fine. (PSR, pg. 9, ln. 229-232) Stoller objects to the PSR's inclusion of this conviction as a countable conviction and the resultant assignment of one criminal history point.

The Guidelines create a general presumption that all prior sentences within the applicable time period will be included in calculating a defendant's criminal history category. *United States v. Harris,* 128 F.3d 850, 853 (4th Cir.1997). Thus, sentences for all felony offenses are counted. U.S.S.G. § 4A1.2(c). Similarly, sentences for misdemeanors are included *unless* they fall within

the limited exception delineated in §4A1.2(c). As relevant here, § 4A1.2(c)(1) excludes from calculation sentences received for thirteen listed offenses and offenses similar to them, by whatever name they are known, if the sentence imposed was less than one year probation or thirty days imprisonment, and the prior offense was not similar to the instant offense. U.S.S.G. § 4A1.2(c)(1). One of the enumerated excluded offenses is "contempt of court." See also, *United States v. Tigney*, 367 F.3d 200, 201 (4th Cir. 2004).

Here, Stoller was convicted of the excluded offense of contempt of court and received only a $500 fine. There was no sentence of probation or imprisonment and the offense was not similar to the instant offense. As such, Stoller should not have received any criminal history points for this conviction and his total criminal history points would equal zero. Stoller's Criminal History Category of I would remain unchanged.

## **Conclusion**

The defendant submits that he should not have any criminal history points, that his Criminal History Category is I and that based on his argument that his total offense level is 19, see, Defendant's Objection to the PSR (Doc. 103); the appropriate advisory guideline sentencing range would be 30-37 months.

WHEREFORE, the defendant respectfully requests that this Court enter an order sustaining the defendant's supplemental objection to the Presentence Investigation Report.

Respectfully submitted,


\_\_\_\_s/ John A. Meyer_____
John A. Meyer, attorney
for defendant, Leo Stoller

John A. Meyer
Meyer & O'Connor, LLC
135 S. LaSalle Street
Suite 3300
Chicago, Illinois  60603-4134
312-346-9000

CERTIFICATE OF SERVICE

    I, John A. Meyer, an attorney, state that I caused to be filed, by electronic filing (ECF), with the Clerk of the United States District Court for the Northern District of Illinois, the foregoing supplemental objection to the Presentence Investigation Report.

    The undersigned also certifies, as to the following parties, that in accordance with F.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing pleading, along with a notice of motion, if applicable, were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first–class mail on January 7, 2014, to the non-ECF filers:

    AUSA Timothy J. Chapman
    United States Attorney's Office
    219 S. Dearborn St.
    Chicago, IL 60604

    _____s/ John A. Meyer_____
    John A. Meyer, Attorney for
    defendant